JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DENISE L DANBY

## DEFENDANTS
THE CBE GROUP, INC.
d/b/a CBE GROUP

**(b)** County of Residence of First Listed Plaintiff   CHESTER
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   BLACK HAWK
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
THE LAW OFFICES OF MICHAEL P. FORBES, PC
Michael P. Forbes, Esquire
200 Eagle Road, Suite 50
Wayne, PA 19087
(610)293-9388

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692 FDCPA
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE     DOCKET NUMBER

DATE   4/27/16

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

DENISE L DANBY                              :          CIVIL ACTION
                                           :
                          v.               :
THE CBE GROUP, INC.                        :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)

4/27/16                 Michael P. Forbes             Plaintiff
_____         _____          _____
Date                    Attorney-at-law              Attorney for
610-293-9399            610-293-9388                 michael@mforbeslaw.com
_____         _____          _____
**Telephone**               **FAX Number**               **E-Mail Address**

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1002 Horseshoe Pike Downingtown PA 19335

Address of Defendant: 1309 Technology Parkway Cedar Falls IA 50613

Place of Accident, Incident or Transaction: 1002 Horseshoe Pike Downingtown PA 19335
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes☐  No☑

Does this case involve multidistrict litigation possibilities?      Yes☐  No☑

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?      Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?      Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?      Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?      Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) 15 U.S.C. 1692 FDCPA

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Michael P. Forbes, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☑ Relief other than monetary damages is sought.

DATE: 4/27/16      _____      55767
                    Attorney-at-Law          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/27/16      _____      55767
                    Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DENISE L DANBY        )
             )
     Plaintiff       )  No.
             )
  vs.          )
             )
THE CBE GROUP, INC.     )  JURY TRIAL DEMANDED
             )
d/b/a CBE GROUP

     Defendant

## COMPLAINT

## I.  JURISDICTION AND VENUE

1.   Jurisdiction of this Court arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, false, deceptive, misleading and unfair practices and the U.S. Telephone Consumer Protection Act of 1991 and 47 C.F.R. 64.1200, et seq. (hereinafter "TCPA")

2.   Venue is proper in this District because Defendant transacts business within this District, the acts and transactions occurred in this District, and Plaintiff resides in this District.

## II. PARTIES

3.   Plaintiff, DENISE L DANBY, ("Plaintiff") is a natural person residing at 1002 Horseshoe Pike Downingtown PA 19335.  Because Plaintiff is allegedly obligated to pay a debt for a utility bill that is the subject of this case was primarily used for family,

personal or household purposes, he is a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3) and the UTCPL, 72 Pa.Cs. 201-1, et.seq.

4.     Defendant, CBE GROUP LLC, INC. ("CBE") is, upon information and belief, a professional corporation whose address is listed as 1309 Technology Parkway Cedar Falls, IA 50613 and, at all times relevant herein and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and FCEUA, 73 P.S. § 2270.3., who acted by and through its owners, managers, officers, shareholders, authorized representatives, partners, employees, agents and/or workmen.

5.     Defendant, at all times relevant hereto, is considered a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts, who regularly collected or attempted to collect, directly or indirectly, debts owed or due asserted to be owed or due another.

## III. FACTUAL ALLEGATIONS

6.     Beginning on or about May 7, 2015 through June 3, 2015, Defendant made numerous phone calls to Plaintiff's cellular telephones using an automatic telephone dialing system or an artificial or pre-recorded voice on without the permission or consent of Plaintiff.

7.     Beginning on or about April 30, 2016, through June 3, 2015, Defendant made approximately eighty-two (82) automated phone calls to Plaintiff from Defendant's phone number at (888) 499-5501.

8.     Several of the aforesaid calls were made before 8:00 a.m. and after 9:00 p.m.

9.     On or about May 14, Plaintiff called Defendant and informed Defendant that the number it was calling was her cell phone.

10.    During the call, Plaintiff told Defendant to call her financial adviser.

11.    Despite not having Plaintiff's consent or permission to make the aforesaid phone calls, Defendants continued to call Plaintiff's cellphone.

12.     Except for the time Plaintiff spoke with Defendant, each time Plaintiff answered Defendant's phone calls, Plaintiff would say hello several times before hearing a click and then the phone call would end.

13.    Despite having contacted Plaintiff by phone, Defendant did not send and Plaintiff did not receive the required Debt Validation Notice under 15 U.S.C. § 1692g.

## IV. CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(15 U.S.C. section 1692, et seq.)

14.    Plaintiff incorporates her allegations of paragraphs 1 through 13 as though set forth at length herein.

15.    Defendant's actions as aforestated are false, deceptive, material, and misleading to Plaintiffs as follows:

(a)    Defendant violated 15 U.S.C. § 1692c(a)(1) by calling Plaintiff before 8:00 a.m. or after 9:00 p.m;

(b)    Defendant violated 15 U.S.C. § 1692d  using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt;

(c)    Defendant violated 15 U.S.C. § 1692d(5) by causing the phone to ring repeatedly;

(d)     Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to attempt to collect Plaintiff's alleged debt;

(e) Defendant violated 15 U.S.C. § 1692g by its failure to send the consumer a 30-day validation notice within five days of the initial communication.

16. As a direct and proximate result of Defendant's illegal collection efforts and communications,  Plaintiff has suffered mental anguish, emotional distress, anger, anxiety, frustration, fear, embarrassment, and humiliation.

17. Plaintiff has been seriously damaged by Defendant's violations of the FDCPA and is entitled to actual damages, compensatory damages, costs and attorneys' fees.

18. As a result of each of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C.  §1692k(a)(1); statutory damages in amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Denise L. Danby, prays that judgment be entered against Defendant, CBE, for the following:

(1)     Actual damages;

(2)     Statutory damages each in the amount of $1,000.00;

(3)     Reasonable attorneys' fees and costs;

(4)     Declaratory judgment that the Defendants conduct violated the FDCPA;

(5)     Such other and further relief that the Court deems just and proper.

**COUNT I**

## U.S. TELEPHONE CONSUMER PROTECTION ACT OF 1991 AND 47 C.F.R. 64.1200, ET SEQ.)

19. Plaintiff incorporates her allegations of paragraphs 1 through 18 as though set forth at length herein.

20.     Defendant, or others acting their behalf, without having Plaintiff's permission or consent, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

21.     Defendant, at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and fraudulently violated the TCPA, 47. U.S.C. §227, et seq. and 47 C.F.R 64.1200, et seq.

22.     As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant, and at all times material and relevant hereto, caused Plaintiff to sustain damages and experience ongoing emotional, psychological, and physical distress and physical responses to the repeated telephone calls.

    WHEREFORE, Plaintiff, Denise L. Danby, prays that judgment be entered against Defendant, CBE Group, Inc., for the following:

    (1)     Actual damages;

    (2)     Statutory damages in the amount of $500.00 per call or $1500.00 per call for willful violations of the TCPA;

    (3)     Reasonable attorneys' fees and costs;

    (4)     Declaratory judgment that the Defendant's conduct violated the TCPA;

(5)   A permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice;

(6)   Such other and further relief that the Court deems just and proper.

## V.  DEMAND FOR JURY TRIAL

23.   Plaintiff is entitled to and hereby respectfully demand a trial by jury.

Respectfully submitted,

Law Office of Michael P. Forbes, P.C.
By: Michael P. Forbes, Esquire
Attorney for Plaintiff
Attorney I.D. #55767
200 Eagle Road
Suite 220
Wayne, PA 19087
(610 293-9399
(610)293-9388 (Fax)
michael@mforbeslaw.com